UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRANCH BANKING AND TRUST
COMPANY,

    Plaintiff,

v.                                              Case No:   6:13-cv-1983-Orl-31TBS

NATIONAL FINANCIAL SERVICES, LLC
and BETTY ROGERS,

    Defendants.

## ORDER

Pending before the Court is Plaintiff Branch Banking and Trust Company ("BB&T") and Non-Party Melody Stanley's (collectively "Movants") Motion for Attorney Fees. (Doc. 86). The motion is due to be **GRANTED IN PART** and **DENIED IN PART**.

### Background

On October 21, 2014, the Court granted Movants motion for a protective order barring Defendant Betty Rogers from taking Stanley's deposition. (Doc. 81). In its order, the Court found that Movants were entitled to reasonable attorney's fees in connection with the motion. (Id., p. 6). Accordingly, the Court directed Movants to file a motion for attorney fees within 14 days if the parties could not agree on an appropriate award. (Id.).

On November 4, Movants filed the pending motion. (Doc. 86). They seek $5,710 broken down as follows: for David S. Garbett, managing partner, 5.5 hours at $400 per hour for a total of $2,200; for attorney Elizabeth B. Dombovary, partner, 11.7 hours at

$300 per hour for a total of $3,510.  (Doc. 86, p. 3; Doc. 87-1, ¶ 10).  Rogers has not responded to the motion and the time for her to do so has expired.

## Discussion

In the Eleventh Circuit, courts use the lodestar approach to determine reasonable attorney's fees.  Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l, No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 (M.D. Fla. Jan. 6, 2010); see also Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).  The court determines the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate.  Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 2005) (per curiam); Norman, 836 F.2d at 1299.  The Court must exclude from its calculation "excessive, redundant or otherwise unnecessary" hours.  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Norman, 836 F.2d at 1299.  "Ultimately, the computation of a fee award is necessarily an exercise in judgment, because '[t]here is no precise rule or formula for making these determinations.'"  Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436).

As the fee applicant, Movants "bear[] the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  Id. at 1303.  They may meet this burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates."  Chemische, 2010 WL 98991, at *4.  "[T]he Court may use its own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services."  Chemische, 2010 WL 98991, at *4 (citing Norman, 836 F.2d at 1303); see also Perez v. Sanford-Orlando Kennel Club, Inc.,

- 2 -

et al., No. 6:05-cv-269-Orl-28KRS, 2009 WL 2500290, at *2 (M.D. Fla. Aug. 14, 2009) ("It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees.").

The Court finds that $400 per hour for Mr. Garbett and $300 per hour for Ms. Dombovary are reasonable.  See, e.g., Limu Co. v. Burling, No. 6:12-cv-347-Orl-TBS, 2013 WL 3992380 (M.D. Fla. Aug. 2, 2013) (approving rates of $515 and $310 for two attorneys); U.S. Bank v. Professional Staffing-A.B.T.S., Inc., No. 8:10-cv-2445-T24MAP, 2011 WL 6148615, at *2 (M.D. Fla. Dec. 9, 2011) (approving hourly rate of $325 for attorney with ten years of experience).

But, the Court finds the time expended on the motion to be excessive.  The deposition notice was plainly improper and the motion for protective order straightforward and simple.  The attorneys spent far too much time researching the issue of who qualifies as a managing agent under Rule 30(b)(6), and the billing records show six hours of attorney time expended to prepare a simple two-page declaration for Stanley.  (See Doc. 87-6).  Finally, the Court does not understand why such a simple motion could not have been handled by an associate.  Certainly two partners, one of whom is the managing partner, were not required to prepare and file such a simple motion.  With these considerations in mind, the Court has reviewed each time entry individually and concludes that a total of 6.8 hours for Ms. Dombovary and 2.3 hours for Mr. Garbett is reasonable.

## Conclusion

Accordingly, the motion for attorneys is **GRANTED** to the extent that Movants are awarded attorney fees against Rogers in the amount of $2,960.  To the extent the motion seeks a larger award, it is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 24, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties